**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| PEDRO WILLIAMS, | : | MOTION TO VACATE |
| BOP No. 51643-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:11-CV-4435-RWS-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NOS. |
|     Respondent. | : | 1:00-CR-601-2-RWS-ECS |

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Pedro Williams' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. [Doc. No. 129]. For the following reasons, the undersigned recommends that Williams' motion be dismissed without prejudice and that a certificate of appealability be denied.

In 2001, Williams pled guilty to a crack cocaine offense. [Doc. No. 49]. He was sentenced as a career offender. [Doc. No. 62]. In 2003, Williams filed a § 2255 motion. [Doc. No. 74]. The Honorable Richard W. Story denied that motion. [Doc. No. 80]. In 2006, Williams filed a Rule 60(b) motion, seeking reconsideration of his initial § 2255 motion, that Judge Story construed as a second § 2255 motion and denied. [Doc. Nos. 83, 84, 85].

Williams has now filed another § 2255 motion, arguing that one of the predicate offenses that Judge Story relied upon in

sentencing him as a career offender has been vacated. [Doc. No. 129]. As the United States Court of Appeals for the Eleventh Circuit has observed:

> The [Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996)] provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. Without authorization, the district court lacks jurisdiction to consider a second or successive petition."

Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (internal citations and footnotes omitted); see also Franqui v. Florida, 638 F.3d 1368, 1375 (11th Cir. 2011). However, Williams has neither submitted nor, it appears, sought authorization from the Eleventh Circuit to file another § 2255 motion. In the absence of such authorization, this Court lacks jurisdiction to consider Williams' latest § 2255 motion.

This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Williams has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. Issuance of a certificate of appealability is not warranted in this case.

The undersigned **RECOMMENDS** that Williams' § 2255 motion be **DISMISSED WITHOUT PREJUDICE** and that a certificate of appealability be **DENIED**.[1] The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED and DIRECTED,** this 31st day of May, 2012.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

---

[1] If Williams wishes to file another § 2255 motion, he will need the Eleventh Circuit's permission pursuant to 28 U.S.C. § 2255(h). If Williams wishes to file a § 2241 petition, he needs to demonstrate that the "savings clause" in 28 U.S.C. § 2255(e) is applicable to his circumstances.

3